# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ELAT PROPERTIES, LLC, a limited liability company,

                    Plaintiff,

          v.

FALLS LAKE NATIONAL INSURANCE COMPANY, a corporation; and DOES 1-50, inclusive,

                    Defendants.

Case No. 2:24-cv-05030-SPG-SK

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 11]**

Before the Court is Plaintiff Elat Properties, LLC's ("Plaintiff") Motion for Remand of Case to Superior Court Under Section 1446(a). (ECF No. 11 ("Motion")). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

## I.    BACKGROUND

Plaintiff initiated this insurance coverage lawsuit against Defendant Falls Lake National Insurance Company ("Defendant") in Los Angeles County Superior Court on

March 17, 2022. (ECF No. 1-1 ("Complaint") at 2). On June 23, 2022, Plaintiff requested entry of default against Defendant, (ECF No. 1-3), and the state court issued judgment by default on March 27, 2023, (ECF No. 1-4). Plaintiff subsequently initiated enforcement proceedings against Defendant; it was through these proceedings that Defendant became aware of the underlying action. (ECF No. 1-6 at 5). On February 5, 2024, approximately fifteen business days after becoming aware of Plaintiff's lawsuit, Defendant moved to set aside the default judgment. (ECF No. 1-5). Following a hearing, the state court granted Defendant's motion on June 4, 2024. (ECF No. 1-6 at 1). Defendant answered the Complaint on June 7, 2024, (ECF No. 1-7 at 53–57), and, on June 14, 2024, removed this action to this Court, (ECF No. 1 ("Notice of Removal")). On July 1, 2024, Plaintiff filed the instant Motion, seeking to remand this action to state court. (Mot.). Defendant timely opposed, (ECF No. 21 ("Opposition")), and Plaintiff timely replied, (ECF No. 23 ("Reply")).

## II.    LEGAL STANDARD

A civil action brought in state court may be removed by a defendant to the district court if, at the time of removal, the case is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Included in federal courts' limited original jurisdiction are civil actions arising between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Diversity jurisdiction must be complete between the parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989). For the purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company or "LLC" "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Moreover, if it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal quotation marks and citations omitted).

## III.    DISCUSSION

Plaintiff does not dispute and, indeed, appears to concede, that diversity jurisdiction exists. (Mot. at 6). The Court agrees: there is complete diversity between the parties, and the Complaint seeks over $75,000 in damages. (Notice of Removal at 4–5). Instead, Plaintiff challenges Defendant's removal on two grounds: (i) that Defendant failed to timely remove this action; and (ii) that Defendant waived its right to remove by filing its motion to set aside default in state court and answering the Complaint. (Mot. at 7, 13). Defendant opposes, contending that its removal was timely and that it did not waive its right to remove. The Court addresses both arguments, beginning with the matter of whether Defendant waived its right to remove this action.

### A.    Whether Defendant Waived its Right to Remove

A defendant may "waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995). Such a waiver must be "clear and unequivocal," and generally

is not established by actions "short of proceeding to an adjudication on the merits." *Id.* (citation omitted).  No such waiver occurred in this action.

Under settled Ninth Circuit authority, a party does not "manifest an intent to litigate in state court" where it "takes necessary defensive action to avoid a judgment being entered automatically against [it]." *Id.*  Contrary to Plaintiff's assertion otherwise, *see* (Mot. at 14–15), Defendant's state court motion to set aside default did not seek to resolve the merits of Plaintiff's lawsuit.  Here, Defendant was facing an enforcement action resulting from the default judgment entered by the state court.  Its motion to set aside default sought not to resolve the merits of the underlying action but to obtain relief from a default judgment Defendant contended resulted from improper service, not any lack of diligence on Defendant's part.  *See* (ECF No. 1-5 at 9).  *Cf. Phillips v. Mfrs. Tr. Co.*, 101 F.2d 723, 727 (9th Cir. 1939) (holding that party "did not waive its right to removal" by moving to quash service).

As to Defendant's choice to file an answer in the state court action, "[i]t is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove." *Acosta v. Direct Merchs. Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002).  Indeed, the Federal Rules of Civil Procedure directly contemplate that defendants may remove state court actions after filing responsive pleadings.  *See* Fed. R. Civ. P. 81(c)(2) (providing that, "[a]fter removal, repleading is unnecessary unless the court orders it").  Accordingly, Defendant's limited state-court actions did not constitute waiver of its right to removal.

## B.    Whether Defendant Timely Removed this Action

Plaintiff argues that Defendant failed to timely remove this action because it failed to do so within thirty days of January 11, 2024, when Defendant received documents relating to Plaintiff's enforcement proceedings, or within thirty days of February 2, 2024, when Defendant filed its motion to set aside default judgment in state court.  (Mot. at 11–12).  Defendant opposes, contending that it was never properly served in the state court proceedings and that its removal is, therefore, timely.  (Opp. at 2).

28 U.S.C. § 1446(b) identifies two thirty-day windows which, if triggered, delineate the timeframe in which a defendant may remove a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotation marks and citation omitted). To toll the initial thirty-day clock, "the ground for removal must be revealed affirmatively in the initial pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). In such cases, the removing defendant must file the notice of removal "within 30 days after . . . the defendant, through service or otherwise," receives "a copy of the initial pleading," or "within 30 days after the service of summons upon the defendant" in the event that the pleading "is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). "The second thirty-day removal period," not relevant here, "is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 885 (quoting 28 U.S.C. § 1446(b)(3)).

Plaintiff's argument is foreclosed by binding Supreme Court and Ninth Circuit authority. "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (emphasis added). "Consequently, actual notice of the action is insufficient . . . ." *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011). The removal period does not begin to run until the defendant is "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347. Because Plaintiff never properly served Defendant with the summons and complaint, § 1446(b)'s thirty -day removal window was never triggered, and Defendant's removal was timely. *See also Zappia v. World Sav. Bank, F.S.B.*, No. 14-cv-2873-WQH-DHB, 2015 WL 1808545, at *5 (S.D. Cal. Apr. 21, 2015)

(finding that, notwithstanding defendant's state court motion to set aside default, "thirty-day removal period was not triggered" where defendant not properly served with summons and complaint); *Donohue v. Am. Fiber & Finishing, Inc.*, No. SACV 09–115 DOC (RZx), 2009 WL 10673366, at *2 (C.D. Cal. Mar. 17, 2009) (assuming without deciding that the thirty-day removal window began running, if at all, no earlier than date on which the state court granted defendant's motion to set aside default judgment due to improper service).

On reply, Plaintiff argues that the scenario presently before the Court is one "not contemplate[d] or address[ed]" by *Murphy Brothers* and that the Court should decline to apply its formal service requirement here. (Reply at 5). Instead, Plaintiff contends that the Court should excuse its failure to properly serve Defendant because Defendant purportedly "submitted to the authority" of the state court when it moved to set aside default. (*Id.* at 4). The Court is not convinced by Plaintiff's attempt to narrow *Murphy Brothers*, which clearly states that formal service—"or waiver of service by the defendant"—is required to trigger § 1446(b)'s removal clock. *Murphy Bros.*, 526 U.S. at 350. Perhaps Defendant can be said to have waived service when it agreed, on June 4, 2024, to file an answer within twenty days. But the Court need not decide that matter, because if Defendant did waive service on June 4, 2024, it filed the Notice of Removal just ten days later.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED:  September 11, 2024

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE